1

2

3

4

5

6                      UNITED STATES DISTRICT COURT

7                       EASTERN DISTRICT OF CALIFORNIA

8

9    MICHAEL ANTHONY SILER,          CASE NO.    1:10-cv-1548-LJO-MJS (PC)

                      Plaintiff,      FINDINGS AND RECOMMENDATION FOR
10                                    DISMISSAL OF PLAINTIFF'S COMPLAINT

11         v.                         (ECF No. 1)

12   STATE OF CALIFORNIA,

                      Defendants.
13
     _____/
14

15         Plaintiff Michael Anthony Siler ("Plaintiff") is proceeding pro se and in forma pauperis

16   in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is civilly committed to

17   Coalinga State Hospital as a sexually violent predator.  Plaintiff initiated this action on

18   August 19, 2010.  (ECF No. 1.)  The case is now before the Court for screening.

19   **I.    SCREENING REQUIREMENT**

20         The Court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22   § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

23   raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

24   relief may be granted, or that seek monetary relief from a defendant who is immune from

25   such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion

26   thereof, that may have been paid, the court shall dismiss the case at any time if the court

27   determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

28

1  granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  A claim is legally frivolous when it lacks an

2  arguable basis in either law or fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

3  A complaint must contain "a short and plain statement of the claim showing that the

4  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

5  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

6  mere conclusory statements, do not suffice."  <u>Ashcroft v. Iqbal</u>, ____ U.S. ____, 129 S.Ct.

7  1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).

8  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

9  plausible on its face.'" <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555).  Facial

10  plausibility demands more than the mere possibility that a defendant committed

11  misconduct and, while factual allegations are accepted as true, legal conclusions are not.

12  <u>Id.</u> at 1949-50.

13  **II.    SUMMARY OF COMPLAINT**

14  Plaintiff, housed at the Coalinga State Hospital,  has named the following individuals

15  as defendants: 1) State of California ("California"); 2) Department of Corrections and

16  Rehabilitation ("CDCR"), 3) Department of Mental Health, 4) 100 Jane Does, and ) 100

17  John Does, in their individual and official capacities.  Plaintiff alleges that his Eighth

18  Amendment right to be free from cruel and unusual punishment and his rights under the

19  due process and equal protection clauses under the Fourteenth Amendment have been

20  violated.  Plaintiff also alleges violation of an unspecified section of the state penal code.

21  More specifically, Plaintiff alleges:

22  Plaintiff has been subject to non-consensual psychosurgery in which electrical

23  devices have been implanted in his body. (Compl. at 5.)  These devices are "being used

24  to administer 'therapies' which are defined legally and clinically as 'Organic Therapy.'" (<u>Id.</u>)

25  The therapy is administered by Defendants California and CDCR, and is done

26  "secretly/covertly by employing the use of computerized wireless technology;

27  electromagnetically charged directed energy beam devices; in combination with implanted

28

1   electrical devices; all resulting in the ability to **remotely administer** organic therapy."

2   (emphasis in original) (Id. at 5-6.)   The energy directed at the devices come from

3   "permanently mounted devices at remote locations within the secured perimeter of the

4   state facility." (Id. at 6.)   The energy targets a surgically implanted device, called a

5   "dielectric disk." (Id.)   A computer is used to locate the targeted disk with the "aid of an

6   electronic tracking device." (Id.)   When the disk is targeted with directed energy, it allows

7   the transference of the energy to an array of surgically implanted electrodes which enables

8   "the administering of this wireless, enforced therapy, without detection." (Id.)   This energy

9   torments and tortures the individual the disc, due to the pain and suffering resulting from

10  this "remotely administered lobotomy...and shock therapy." (Id. at 7.)   The individual with

11  the disc is also inflicted with physical pain and suffering "in a program of aversive of

12  operant conditioning." (Id.)

13      Plaintiff also has been harassed through the use of sound he hears through

14  cochlear implants. (Compl. at 7-8.)   The sound impedes Plaintiff's ability to concentrate

15  or complete a thought;  it causes him to lose track of the topic of thought or conversation.

16  (Id. at 7)   This treatment has resulted in "mental anguish, anxiety, and severe mental

17  suffering." (Id.)   This action violates the state's penal code. (Id.)   When the individual

18  complains about the sound, it is diagnosed as an auditory hallucination, which then results

19  in the individual being classified as "clinically depressed" or "delusional." (Id. at 8.)   A

20  cochlear implant can stimulate the auditory nerves to create the perception of sound in the

21  brain. (Id.)   The use of this device from a remote position can result in the simulation of

22  a mental illness. (Id.)   This has happened to Plaintiff, who due to the organic therapy

23  process he is undergoing, has been diagnosed as mentally ill. (Id. at 8-9.)

24      Plaintiff asks for compensatory damages for his mental suffering and punitive

25  damages for Defendants' malicious and reckless actions.

26  **III.   ANALYSIS**

27      Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges,

28  or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia

1   Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not
2   itself a source of substantive rights, but merely provides a method for vindicating federal
3   rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

4       To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that
5   a right secured by the Constitution or laws of the United States was violated, and (2) that
6   the alleged violation was committed by a person acting under the color of state law.  See
7   West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245
8   (9th Cir.1987).

9       Based upon the pleading before it, this Court can conclude only that Plaintiff's
10  claims are legally frivolous.  A claim is legally frivolous when it lacks an arguable basis in
11  either law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Plaintiff's claims lack an
12  arguable basis in fact.  The following allegations are fantastic:

13      1.    Plaintiff has been subject to non-consensual psychosurgery in which
14            electrical devices have been implanted in his body.  (Compl. at 5.)

15      2.    The electrical devices are "being used to administer 'therapies' which are
16            defined legally and clinically as 'Organic Therapy.'" (Id.)

17      3.    The therapy is administered by Defendants California and CDCR
18            "secretly/covertly by employing the use of computerized wireless technology;
19            electromagnetically charged directed energy beam devices; in combination
20            with implanted electrical devices; all resulting in the ability to **remotely**
21            **administer** organic therapy."  (emphasis in original) (Id. at 5-6.)

22      4.    The energy directed at the electrical devices come from "permanently
23            mounted devices at remote locations within the secured perimeter of the
24            state facility."  (Id. at 6.)

25      5.    The energy targets a surgically implanted device, called a "dielectric disk."
26            (Id.)

27      6.    When the dielectric disk is targeted with directed energy, it allows the
28            transference of the energy to an array of surgically implanted electrodes

-4-

which enables "the administering of this wireless, enforced therapy, without detection." (Id.) This energy torments and tortures the individual the disc, due to the pain and suffering from this "remotely administered lobotomy...and shock therapy." (Id. at 7.)

7.    The individual with the disc is also inflicted with physical pain and suffering "in a program of aversive of operant conditioning." (Id.)

8.    Plaintiff also has been harassed through the use of sound, which he hears through cochlear implants and impedes his ability to concentrate or complete a thought. (Compl. at 7-8.)

9.    When the individual complains about the sound, it appears to be an auditory hallucination, which then results in the individual being classified as "clinically depressed" or "delusional." (Id. at 8.)

10.   A cochlear implant can stimulate the auditory nerves to create the perception of sound in the brain, and the use of this device from a remote position can result in the simulation of a mental illness. (Id.)

Plaintiff is charged with the obligation of setting forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). A claim is legally frivolous when it lacks an arguable basis in either law or fact. Plaintiff has failed to meet this pleading requirement. Plaintiff's claims as asserted lack an arguable basis in fact. They should be dismissed without leave to amend on the grounds they are legally frivolous. Neitzke, 490 U.S. at 325.

## IV.    CONCLUSION AND RECOMMENDATION

        The Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. Although the Court is typically required to allow a plaintiff the opportunity to amend her pleading to address the deficiencies noted by the Court during screening, the Court finds that amendment would be futile in this case. For the reasons stated above, the Court finds that Plaintiff's Complaint fails to set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting

1  Twombly, 550 U.S. at 555).

2         Accordingly, it is HEREBY RECOMMENDED that Plaintiff's Complaint be dismissed,

3  with prejudice, for failure to state a claim under section 1983 and that Plaintiff not be given

4  leave to amend.

5         These Findings and Recommendations are submitted to the United States District

6  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).

7  Within thirty (30) days after being served with these Findings and Recommendations, any

8  party may file written objections with the Court and serve a copy on all parties.  Such a

9  document should be captioned "Objections to Magistrate Judge's Findings and

10  Recommendations." Any reply to the objections shall be served and filed within ten days

11  after service of the objections.  The parties are advised that failure to file objections within

12  the specified time may waive the right to appeal the District Court's order.  Martinez v. Y1

13  st, 951 F.2d 1153 (9th Cir. 1991).

14

15

16  IT IS SO ORDERED.

17  Dated:    October 30, 2011                    /s/ *Michael J. Seng*
                                                              UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28